UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

TANIKA ELLISON, as Personal
Representative of the ESTATE OF
THOMAS M. PETTIGREW, on behalf of
the Estate and as mother and guardian
of S.U.P., a minor child,

CASE NO.:   3:16-cv-1240-J-32JBT

   Plaintiff,

V

MICHAEL CREWS, former SECRETARY, and
JULIE JONES, current SECRETARY of the
FLORIDA DEPARTMENT OF
CORRECTIONS a Florida state agency,
The DUVAL COUNTY OFFICE OF
THE MEDICAL EXAMINER, and
PETER GILLESPIE, M.D.,

   Defendants.
_____/

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF TANIKA ELLISON, as personal representative of the Estate of Thomas M. Pettigrew, and as mother and natural guardian of minor child, S.U.P., hereby brings this cause of action (s) against the Secretaries former and current of the Florida Department of Corrections and The Duval County Medical Examiner's Office, and Peter Gillespie, M.D., and states as follows:

NATURE OF THE CAUSE OF ACTION

1. This is a 42 U.S. Code § 1983 federal civil rights case under the First and Fourth Amendments of the United States Constitution as applied to the States under the United States Constitution's Fourteenth Amendment for the Defendants' individual and collective personal,

malicious, and unlawful violations under color of state law of Plaintiffs' individual and collective constitutional rights to free speech and protection against physical attacks by prison guards and battery by prison guards while in custody as well as state tort claims for civil conspiracy.

2. Defendants committed these unlawful violations of Plaintiffs' decedent's constitutional and state rights under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Thomas Pettigrew's human, safety, and property rights.

## JURISDICTION AND VENUE

3. Plaintiffs bring this action pursuant 42 U.S.C. § 1983 for violations of civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights); 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02 (c). Defendants primary employment is in this district and division, and Defendants' independent and collective malicious and unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein accrued within this district and division.

6. At all material times, Defendants committed these unlawful violations under color of state law in bad faith and with malicious purpose in reckless, wanton, and willful disregard of Plaintiffs' civil, human, safety, and property rights.

7. These constitutional law violations are "capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 125 (1973), Moore v. Ogilvie, 394 U. S. 814, 816 (1969), Carroll v.

Princess Anne, 393 U. S. 175, 178-179 (1968), United States v. W. T. Grant Co., 345 U. S. 629, 632-633 (1953)).

## PARTIES

8. Plaintiff TANIKA ELLISON as Personal Representative of the ESTATE OF THOMAS M. PETTIGREW is the Mother and guardian of minor child S.U.P., born March 8, 2012.

9. Defendant, Michael Crews, former secretary of the DOC, and Julie Jones, current secretary of the DOC, were and are secretaries of a State agency whose headquarters are in Tallahassee, Florida. FDOC is charged with the responsibility of housing inmates sentenced to prison by Florida judges. At this time, Julie Jones heads the FDOC which imprisons approximately 100,000 men and women at approximately 70 prisons throughout the State of Florida.

10. The Duval County Medical Examiner is a county agency in Jacksonville Florida.

11. Peter Gillespie is a medical examiner in Jacksonville Florida with his principal place of employment in Jacksonville Florida. Defendant Gillespie is sued in his individual capacity.

## FACTUAL ALLEGATIONS

12. On September 23, 2014, Thomas Pettigrew, 26, was an inmate at Reception and Medical Center (RMC,) Lake Butler, Florida, a prison run by the Florida Department of Corrections (DOC), and run and administered by Michael Crews, former Secretary at the time of Thomas Pettigrew's death, and currently run and administered by Julie Jones, secretary.

13. On or before September 23, 2016, Thomas Pettigrew was attacked and beaten by prison guards, medically neglected thereafter, all of the foregoing causing injuries that lead to his death.

14. Despite Thomas Pettigrew's grave condition following the physical attack by prison guards , he was medically neglected by DOC and allowed to remain in solitary confinement.

15. Thomas Pettigrew was eventually taken to the prison's hospital ward where he died.

16. DOC never notified Thomas Pettigrew's next of kin of his death, but the mother of Thomas Pettigrew found out a week or so later when calling to ascertain his whereabouts in the prison system.

17. DOC never performed an autopsy on the body of Thomas Pettigrew.

18. DOC's official cause of death for Thomas Pettigrew was "metastatic non small cell lung cancer."

19. The Medical Examiner issued an "inspection report" which referenced "metastatic non small cell lung cancer" as the cause of death for Thomas Pettigrew.

20. Upon information and belief, Thomas Pettigrew was not ill weeks before when seen in Alachua County by family members.

21. There is a witness to the beating of and attack upon Thomas Pettigrew by guards at RMC which immediately preceded his death.

22. Thomas Pettigrew's body was cremated preventing exhumation and determination of cause of death.

23 RMC, the Medical Examiner's office and Defendant Gillespie have all stated that they will not release any medical records to Thomas Pettigrew's survivors, citing the fact that "since he didn't list you as a person who could access his records, you cannot get them."

24. Defendants CREWS and JONES, DOC, Duval Medical Examiner's Office, and Peter Gillespie, M.D., had and continue to have a custom, policy, and practice in place where the wrongful acts of employees and agents are covered up by refusing to give access to medical and prison records to decedent's next of kin.

25. Alternatively Defendant Gillespie conformed to CREWS' and JONES' institutionalized pattern and practice of covering up inmate deaths that occurred as a result of violence and injury inflicted by prison guards, by intentionally failing to document obvious traumatic injuries on the body of the 26 year old decedent Thomas Pettigrew, and by rubber stamping the DOC's listed cause of death, to wit: lung cancer, despite obvious signs of trauma to the body of Thomas Pettigrew.

COUNT I

VIOLATION OF 42 U.S.C. § 1983 RESULTING IN THE DEATH OF THOMAS PETTIGREW AGAINST DEFENDANTS CREWS AND JONES

26. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendants, CREWS and JONES, and for damages.

27. Plaintiff, TANIKA ELLISON, as personal representative of the Estate of Thomas M. Pettigrew, and as mother and natural guardian of minor child S.U.P., re-alleges the allegations contained in paragraphs 1 through 35 above, as if fully set forth herein.

28. Plaintiff, (the estate of ) Thomas M. Pettigrew, had a right under the Constitution of the United States and the Constitution of the State of Florida to be free from the use of excessive force and battery.

29. Defendants, CREWS and JONES, under color of state law, as secretaries and administrators of the Florida Department of Corrections, violated Thomas Pettigrew's well established constitutional right to be free from excessive force and medical neglect during and following a brutal physical attack by prison guards.

30. Defendant, CREWS' and JONES' agents and employees' use of excessive force, killing Thomas Pettigrew, was greater force than reasonable and/or necessary, malicious in purpose, and a display of wanton and willful disregard for the rights and safety of Thomas Pettigrew.

31. No prison guard employed by DOC and administered by CREWS and JONES at Lake Butler/ RMC, could have thought that the facts were such that the actions of the prison guards on or before September 23, 2014, which took the life of Thomas Pettigrew, were objectively reasonable.

32. On or about September 23, 2014, Defendant, CREWS, under the color of state law deprived Thomas Pettigrew of his rights under the United States Constitution in violation of 42 U.S.C. §1983, in that, without probable cause that Plaintiff's decedent had committed a violation of law, Defendant, CREWS' employees / agents physically assaulted Thomas Pettigrew, causing his death.

33. Defendant, CREWS and DOC employees had no legal right to prosecute, touch, batter or cause the death of Plaintiff's decedent, Thomas Pettigrew.

34. Defendant, CREWS and his DOC agents' and employees' actions were wrongful, illegal and excessive force was used.

35. Defendant, CREWS, agents and employees' actions were malicious, deliberately violent, or oppressive, and cannot be accepted in a civilized society.

36. Defendant, CREWS, knowingly maintained a Department of Corrections that failed to protect inmates from violent employees.

37. The primary, obvious and sole purpose of the illegal and wrongful actions of Defendant, CREWS' agents and employees was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff's decedent Thomas Pettigrew was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Violation of these rights set forth in number 37 above entitles Plaintiffs to an award of damages for loss of those rights and the damages that resulted therefrom.

39. Defendant, CREWS' and his agents and employees took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff's decedent.

40. The acts of Defendant, CREWS, its agents, and employees, violated the clearly established constitutional rights of Plaintiff's decedent, Thomas Pettigrew, rights of which every reasonable member of the public or governmental entity should have known.

49. Defendant, CREWS, his agents and employees, knew that his actions would deprive Plaintiff's decedent Thomas Pettigrew of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

50. On January 5th, 2015 Defendant JONES became Secretary of the DOC, and continued the culture of illegal and wrongful violent actions of the DOC employees against the inmates at correctional facilities, by denying next of kin records, including medical records, in order to hide the evidence of such illegal and wrongful acts resulting in deprivation of constitutional rights, including to Plaintiff's decedent, and preventing any state actions such as medical malpractice actions if indicated, and discovery of the attack upon Plaintiff's decedent.

51. As a direct result of Defendant, CREWS, and JONES' and their agents and employees at DOC's actions, Plaintiff has suffered damages, and Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendants reasonable fee for said counsel pursuant to 42 U.S.C. §1988 and all other relevant Federal Statutes.

WHEREFORE, for the foregoing reasons, Plaintiff, TANIKA ELLISON as Personal Representative of the ESTATE OF THOMAS M. PETTIGREW and as Mother and guardian of Thomas Pettigrew's minor child S.U.P. respectfully requests that this Honorable Court take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendants, CREWS and JONES, the Duval County Medical Examiner's Office, and Peter Gillespie, MD, and to award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws and/or to enter judgment against Defendants, and Defendant Gillespie in his personal capacity, and respectfully requests a judgment against Defendant for all compensatory damages allowed by law, including punitive damages, as Thomas Pettigrew suffered death and seeks damages., in addition, Plaintiff seeks attorney fees and costs in the prosecution of this matter and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II

### CONSPIRACY
### AGAINST DEFENDANTS CREWS, JONES, DUVAL COUNTY MEDICAL EXAMINER'S OFFICE, AND PETER GILLESPIE, M. D.

52. Plaintiff re-alleges and incorporates by reference paragraphs 1-25 as if fully set forth herein.

53. Defendants have a history of agreeing together to allow the violent behavior of the prison guards described above to not only occur with impunity, but the Defendants DUVAL COUNTY OFFICE OF THE MEDICAL EXAMINER, and PETER GILLESPIE, M.D., also conspired to cover up the violent acts of the DOC employees and agents, by agreeing to falsify medical records/ death records, by deliberately ignoring and failing to document obvious signs of trauma to the body of dead prisoners, and obvious signs of trauma to the body of Thomas Pettigrew, inspection reports, and by failing to perform autopsies where the cause of death given by the DOC is at odds with the obvious signs of trauma to dead prisoners.

54. DEFENDANTS CREWS, JONES, DUVAL COUNTY MEDICAL EXAMINER'S OFFICE, AND PETER GILLESPIE, M. D. agreed to not report the obvious signs of trauma to the body of Thomas Pettigrew, Plaintiff's decedent, which resulted in illegal falsification of state records, to wit: "inspection reports" of Thomas Pettigrew's body, inspection reports of Thomas Pettigrew's body which failed to note obvious signs of trauma to the body of the decedent, and resulted in the deprivation of rights secured by the Fourth Amendment as applied to the States via the Fourteenth Amendment, to cover up the unreasonable use of deadly force, and resulted in a cover up the violent acts of prison guards which resulted in damages to the Plaintiff's decedent and resulted in his death.

55. DEFENDANTS CREWS, JONES, DUVAL COUNTY MEDICAL EXAMINER'S OFFICE, AND PETER GILLESPIE, M. D. agreed to not perform autopsies upon prisoners who died in Department of Corrections' custody, and to falsify inspection documents, during the time of Plaintiff's decedent's incarceration, so as to cover up evidence of crimes committed against Plaintiff's decedent and to prevent Plaintiffs from seeking redress for the violations of law as set forth above in paragraphs 53 and 54 of this Complaint.

56. The conspiracy described above is in violation of the United States Constitution's Fourth Amendment as applied to the States via the Fourteenth Amendment. These actions described in paragraph 53 and 54 above constituted reckless indifference to Plaintiff's and Plaintiff's decedent's rights.

57. Defendants also conspired to retaliate against Plaintiff for Plaintiff's clearly established First Amendment constitutional right to obtain medical records, despite repeated efforts to do so, foreclosing a state remedy of medical malpractice, and seeking to foreclose a case such as this one.

58. The actions underlying this conspiracy are illegal under the United States Constitution's First and Fourth Amendments as applied to the States via the Fourteenth Amendment.

59. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983 and 28 U.S.C. §1367.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

    A. Trial by jury on all issues so triable;

    B. General and special compensatory damages;

    C. Punitive damages;

    D. Award to Plaintiff of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. §1988; Pretrial interest on compensable attorney's fees; and,

    E. Such further and different relief as is just and proper or that is necessary to make the Plaintiff whole.

Respectfully submitted this 11th day of July, 2017.

                    The Gordon Law Firm
                    113 East Noble Avenue
                    Williston, FL 32696
                    (352) 528-0111
                    thegordonlawfirm@aol.com


                    s/ Beth M. Gordon, Esq.
                    Beth Gordon, Esq.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been eserved this 11th day of July, 2017, to the following counsel of record: Leonard Thomas Hackett, Esq., lhackett@florida-law.com, mdeacon@florida-law.com ; Stephen J. Powell Esq., SPowell@coj.net, brigettel@coj.net ; Wendy Elizabeth Byndloss Esq., wbyndloss@coj.net, brigettel@coj.net, mrondinelli@coj.net, SGranat@coj.net

The Gordon Law Firm
113 East Noble Avenue
Williston, FL 32696
(352) 528-0111
thegordonlawfirm@aol.com


s/ Beth M. Gordon, Esq.
Beth Gordon, Esq.