UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TANIKA ELLISON, etc.,

Plaintiff,

v. CASE NO. 3:16-cv-1240-J-32JBT

MICHAEL CREWS, etc., et al.,

Defendants.
______________________________/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendants Michael Crews's, former Secretary of the Florida Department of Corrections ("DOC") and Julie Jones's, current Secretary of DOC, Motion to Dismiss ("Motion") (Doc. 59) and Plaintiff's Response thereto (Doc. 60). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 63.) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** and that the Second Amended Complaint ("SAC") (Doc. 45) be **DISMISSED with prejudice**.

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I. Summary of Recommendation

The undersigned recommends that Plaintiff's claims against the Secretaries are due to be dismissed. Specifically, the undersigned recommends that any claim for damages against the Secretaries in their official capacities is barred by the Eleventh Amendment, and the SAC fails to state a claim for relief against the Secretaries in their individual capacities. In addition, the undersigned recommends that the Court need not give Plaintiff leave to amend.

## II. Background

Plaintiff brings this action as Personal Representative of the Estate of Thomas Pettigrew ("Decedent"), who was an inmate in the custody of DOC at the time of his death. Plaintiff filed the original Complaint on September 23, 2016, naming as Defendants the DOC, the Duval County Office of the Medical Examiner ("ME"); and Peter Gillespie, M.D. (Doc. 1.) On April 10, 2017, in response to DOC's motion to dismiss, Plaintiff filed the Amended Complaint (Doc. 31) in order to substitute the Secretaries for DOC as Defendants.

On June 27, 2017, the undersigned issued a Report and Recommendation (Doc. 37) recommending that the Amended Complaint be dismissed as a shotgun pleading. (*Id.* at 5.) On August 1, 2017, the Court adopted the Report and Recommendation and dismissed the Amended Complaint without prejudice. (Doc. 44.) In doing so, the Court "permit[ted] Plaintiff one final opportunity to file a proper complaint." (*Id.* at 2.)

On August 24, 2017, Plaintiff filed the operative SAC, in which she sets forth one count against the Secretaries pursuant to 42 U.S.C. § 1983 for violating Decedent's constitutional rights (Count I). (Doc. 45 at 6–10.) The SAC also sets forth one count against the Secretaries, the ME, and Dr. Gillespie for conspiracy pursuant to 42 U.S.C. § 1985(3) (Count II). (*Id.* at 10–14.) On November 3, 2017, Count II was dismissed with prejudice as to the ME and Dr. Gillespie after Plaintiff failed to respond to their second motion to dismiss. (Doc. 57.) On November 30, 2018, the Secretaries moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 59.)

**III. Allegations of the SAC**

Plaintiff alleges that on or about September 23, 2014, Decedent, an "African American inmate [at the Lake Butler Reception and Medical Center ("RMC")], was attacked and beaten by prison guards because of his race, medically neglected thereafter, all of the foregoing causing injuries that led to his death." (Doc. 45 at 4.) Although the ME identified the cause of death as "metastatic non small cell lung cancer," Plaintiff alleges that Decedent, who was 26 years old at the time, "was not ill weeks before when seen . . . by family members." (*Id.*) Decedent's "body was cremated preventing exhumation and determination of cause of death." (*Id.* at 5.)

Plaintiff alleges that "[t]here have been a significant number of racially motivated attacks on prisoners at [RMC], and it is well known that . . . there were prison guards employed at [RMC] at the time of the [D]ecedent's death that were

members of the Ku Klux Klan . . . ." (*Id.* at 3.) Plaintiff alleges that the Secretaries conspired with the ME and Dr. Gillespie to cover up these racially motivated attacks by agreeing to ignore "obvious physical signs of beatings and trauma to the bodies of dead prisoners" and "to keep the beatings and injuries and true cause of death a secret, by listing deaths as accidental or natural, and also refusing to give access to medical and prison records to [D]ecedent's next of kin." (*Id.* at 5, 10–13.)

The SAC asserts that the Secretaries violated Decedent's "well established constitutional right to be free from the racial animus exhibited by prison guards at [RMC], and the excessive force and medical neglect during and following" the attack. (*Id.* at 7.) In support, Plaintiff alleges that the Secretaries allowed "an atmosphere of racial bias to permeate [RMC] by allowing KKK members to serve as prison guards . . . ." (*Id.*) Plaintiff alleges that "[d]espite being confronted with a pattern of widespread misconduct," the Secretaries "remained deliberately indifferent, firing a few guards but retaining many who continued to use violence and excessive force against African American inmates and inmates of color." (*Id.*) The Secretaries' "indifference" allegedly "created an environment" at DOC such that its staff "knew that they could engage in misconduct with impunity . . . ." (*Id.*)

Regarding former Secretary Crews, Plaintiff alleges that he "knowingly maintained a [DOC] that employed KKK members, and willfully failed to protect African American and other inmates of color from employees that were prone to violence against African Americans and persons of color and harbored racial

animus." (*Id.*) Plaintiff alleges that upon becoming Secretary on January 5, 2015, Ms. Jones continued the "illegal and wrongful violent actions of the DOC employees . . . ." (*Id.* at 9.)

**IV. Standard**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the SAC sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the SAC satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, a court is "not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citation and quotations omitted).

Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to

dismiss." *Sinaltrainal*, 578 F.3d at 1261; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260. Although the Court must accept well-pled facts as true, it is not required to accept Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.* (internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

**V. Analysis**

The Secretaries contend that because Plaintiff sues them in their official capacities only, Plaintiff's claims for damages are barred by the Eleventh Amendment. (*See* Doc. 59.) To the extent that Plaintiff is attempting to sue the Secretaries in their official capacities, the undersigned agrees that the Eleventh Amendment bars suit. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.

1986) (holding that the Secretary of the Florida DOC was immune from suit for damages in his official capacity). However, the SAC does not identify the capacities in which the Secretaries are being sued, and Plaintiff argues in the Response that the Secretaries are being sued in their individual capacities. (*See* Doc. 60 at 3.) Moreover, Plaintiff requests only monetary relief, which would not be available under section 1983 or 1985 if Plaintiff was suing the Secretaries in their official capacities. Thus, the undersigned will construe the SAC as if Plaintiff is suing the Secretaries in their individual capacities.

"To obtain relief under § 1983, [Plaintiff] must show that [Decedent] was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Regarding supervisory officials and liability under section 1983, the Eleventh Circuit has stated as follows:

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted). Therefore, a plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation. *Id.*
>
>> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference

> to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.
>
> *Id.* [. . .] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation mark omitted). In other words, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone*, 326 F.3d at 1360 (internal quotation marks omitted).

*Harrison v. Culliver*, 746 F.3d 1288, 1298–99 (11th Cir. 2014).

In addition, to state a claim for conspiracy under section 1985(3), a plaintiff must allege:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).

**A. Current Secretary (Julie Jones)**

The undersigned recommends that Plaintiff's claims against the current Secretary (Julie Jones) be dismissed because she was not the Secretary of DOC at or before the time of the events giving rise to the SAC. Plaintiff alleges that Decedent was attacked by DOC guards on or about September 23, 2014. (Doc. 45 at 4.) However, Ms. Jones did not become Secretary of the DOC until January

5, 2015. (*Id.* at 9.) Thus, Plaintiff cannot, and has not attempted to, establish any causal connection between Ms. Jones and the alleged constitutional violations. *See Richards v. Hemphill*, Case No. 2:07-cv-762-FTM-29DNF, 2009 WL 1651390, at *7 (M.D. Fla. June 12, 2009) ("Any individual capacity claims against the current Secretary cannot stand because the current Secretary was not in that position at the time of the incident *sub judice*."). Nor has Plaintiff alleged any factual allegations to support a conspiracy claim against Ms. Jones. Therefore, the undersigned recommends that Plaintiff's claims against Ms. Jones be dismissed.[2]

**B. Former Secretary (Michael Crews)**

The undersigned recommends that the SAC falls short of alleging facts to state a claim against the former Secretary (Michael Crews) under sections 1983 or 1985. To support her claim against the Secretaries, Plaintiff alleges in part that "[t]here have been a significant number of racially motivated attacks on prisoners at [RMC], and it is well known that . . . there were prison guards employed at [RMC] at the time of the [D]ecedent's death that were members of the Ku Klux Klan . . . ." (Doc. 45 at 3.) Plaintiff further alleges that the Secretaries were "confronted with a pattern of widespread misconduct and other violations of law by prison guards,

[2] Because Ms. Jones was not Secretary of DOC at or before the time of the pertinent events, it is obvious that Plaintiff cannot state a claim against her in her individual capacity. Arguably, Plaintiff's attempts to do so constitute a violation of the Rule 11 requirements that claims "are warranted by existing law" and that "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2) & (3). In the Court's discretion, it could consider issuing an order to show cause why Rule 11(b) has not been violated. *See* Fed. R. Civ. P. 11(c)(1).

much of it with racial animus . . . ." (*Id.* at 7.) Regarding Mr. Crews specifically, Plaintiff alleges only that he "knowingly maintained a [DOC] that employed KKK members, and willfully failed to protect African American and other inmates of color from employees that were prone to violence against African Americans . . . ." (*Id.* at 8.) Plaintiff also alleges that the Secretaries conspired with the ME and Dr. Gillespie to cover up these racially motivated attacks. (*Id.* at 5.)

However, Plaintiff does not plead any facts to support these conclusory allegations. The SAC contains no facts regarding the alleged conspiracy to cover-up racially motivated attacks by prison guards. Moreover, despite alleging that "[t]here is a witness to the beating" (*id.* at 5.), the SAC contains no facts regarding the identity of the prison guards who allegedly attacked the Decedent, or whether they were even KKK members. Importantly, the SAC contains no allegation that Mr. Crews knew that the guards who attacked Decedent were members of the KKK, that they had a history of violence against inmates, or that he knew those guards posed a substantial risk of serious harm to Decedent. Similarly, although Plaintiff alleges that racially motivated attacks by KKK members were prevalent, widely known, and concealed by the Secretaries, the SAC includes no factual allegations regarding similar, racially motivated attacks or cover-ups. Moreover, there is a complete absence of time frame to Plaintiff's conclusory allegations, such as when other incidents allegedly occurred, when Mr. Crews allegedly became aware of them, or even when Mr. Crews became Secretary of DOC.

Plaintiff has not sufficiently alleged deprivations that were "obvious, flagrant, rampant and of continued duration." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation mark omitted). Plaintiff has not plausibly alleged that Mr. Crews had a custom or policy of knowingly hiring KKK members, retaining violent prison guards, or covering up racially motivated attacks. Nor has Plaintiff alleged facts to "support an inference that [Mr. Crews] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Harrison*, 746 F.3d at 1298–99. Finally, Plaintiff alleges no underlying facts to support her conspiracy claim.

In short, Plaintiff's vague and conclusory allegations are insufficient to support liability against Mr. Crews. *See Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (holding that plaintiff failed to "plead any specific facts to support [his] conclusory" allegation that "there is a long standing policy, practice, and custom of treating similarly situated prisoners differently in this application of gain time") (internal citations and quotation marks omitted)[3]; *Sharbaugh Estate of Martin v. Beaudry*, Case No. 3:16-cv-126/MCR/EMT, 2017 WL 5992465, at *5 (N.D. Fla. Feb. 27, 2017) (finding plaintiff's "conclusory allegations" were "insufficient under *Iqbal* and *Twombly* to state with plausibility the necessary culpability required for individual supervisory liability"); *Fullman v. Graddick*, 739

[3] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

F.2d 553, 557 (11th Cir. 1984) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."). Therefore, the undersigned recommends that the Court dismiss Plaintiff's claims against Mr. Crews.

**C. Leave to Amend**

Finally, the undersigned recommends that the Court need not grant Plaintiff leave to amend. Plaintiff is represented by counsel and did not seek leave to further amend her complaint; the Response does not request dismissal without prejudice to amend the SAC; nor does the Response identify any further allegations that would make amendment worthwhile. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

Moreover, the Court has previously instructed Plaintiff "to clearly lay out . . . the factual basis supporting" her causes of action and cautioned Plaintiff that "[m]ere conclusory allegations will not suffice." (Doc. 37 at 7 n.6.) Plaintiff was also cautioned that she had "one final opportunity to file a proper complaint" before she filed the SAC. (Doc. 44 at 2.) Thus, the undersigned recommends that permitting another round of amendments would "unduly protract[ ] the proceedings . . . and promote[ ] judicial inefficiency." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925 (11th Cir. 2016).

## VI. Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 59**) be **GRANTED**.

2. The SAC (**Doc. 45**) be **DISMISSED with prejudice**.

**DONE AND ENTERED** at Jacksonville, Florida, on July 16, 2018.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record